UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID HOHSFIELD, | Civil Action No. 16-2355 (PGS) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| WARDEN OF SOUTH WOODS STATE PRISON, et al., | |
| Respondents. | |

**SHERIDAN, District Judge:**

Petitioner David Hohsfield, confined at the South Woods State Prison in Bridgeton, New Jersey, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence imposed by the State of New Jersey for endangering the welfare of a child. Respondents have filed an answer, ECF No. 6, and Petitioner has filed a reply, ECF No. 11. Also before the Court is Petitioner's motion for pro bono counsel. For the reasons stated below, the Court denies the Petition, and dismisses the motion for counsel as moot.

The facts relevant to this matter are uncomplicated.[1] Petitioner filed the instant Petition on April 27, 2016, seeking to invalidate a state-court sentence imposed on December 18, 2009, after a guilty plea, for endangering the welfare of a child. As part of his sentence, the state court imposed on him Parole Supervision for Life ("PSL"), as a sex offender who solicited a 15-year-old minor. As it turns out, this was not Petitioner's first sex offense, and he was already subject to Community

---

[1] The Court relies on the facts found by the state appellate court in affirming the denial of post-conviction relief in *State v. Hohsfield*, Indictment No. 08-04-0516, 2015 WL 4471551 (N.J. Sup. Ct. App. Div. July 23, 2015).

Supervision for Life ("CSL"), the predecessor of PSL, for prior sex crimes. Petitioner was indicted for multiple offenses, but as part of his plea agreement, all other charges were dropped.

Petitioner raises four ineffective assistance of counsel claims, three of them regarding pre-plea conduct.[2] In *Tollett v. Henderson*, the Supreme Court held that when a defendant enters into a counseled, intelligent, and voluntary plea agreement, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. 258, 267 (1973). As such, by pleading guilty, Petitioner waived his right to assert ineffective assistance of counsel claims based on pre-plea conduct. *Miller v. Janecka*, 558 F. App'x 800, 803 (10th Cir. 2014) (finding a claim of inadequate investigation by counsel prior to the plea, which did not challenge the validity of the plea itself, was waived); *Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009) (holding an ineffective assistance of counsel claim alleging counsel's failure to raise an affirmative defense based on the lack of an indictment had been waived by the guilty plea, because it did not challenge the voluntary and intelligent nature of the plea itself); *Lupinacci v. New Jersey*, No. 13-5578, 2015 WL 505880, at *4 (D.N.J. Feb. 6, 2015) (holding that *Tollett* barred claims of ineffective assistance of counsel that occurred prior to the plea agreement and were not related to the voluntary nature of the plea). "A counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case." *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975). Therefore, Grounds Two, Three, and Four of the Petition are denied, as those claims have already been waived by virtue of his plea agreement.

---

[2] Ground Two asserts that counsel was ineffective for failing to request a severance of the charges; Ground Three asserts that counsel was ineffective for failing to raise a First Amendment defense; and Ground Four asserts that counsel was ineffective for failing to move to suppress certain evidence.

2

The only claim that challenges the knowing and voluntary nature of his plea agreement is Ground One, where Petitioner asserts that he was not informed by trial counsel of the full consequences of PSL prior to accepting the plea. Petitioner alleges that had he been informed of the full consequences of PSL, he would not have pled guilty. This is a classic case of after-the-fact characterization.

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693.[3] To establish prejudice, the defendant must show that "there is a reasonable probability that

---

[3] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

3

the result of the [case] would have been different absent the deficient act or omission." *Hinton*, 134 S. Ct. at 1083.

The same two-part *Strickland* standard, described above, is applicable to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In the plea context, "counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." *United States v. Bui*, 769 F.3d 831, 835 (3d Cir. 2014). The defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Jesus-Nunez*, 576 F. App'x 103, 106 (3d Cir. 2014) (quoting *Hill*, 474 U.S. at 59).

The state court found that both in the plea agreement and at the plea hearing, Petitioner answered in the affirmative when asked whether he understood the requirements of PSL. *Hohsfield*, 2015 WL 4471551, at *4. It also found he had not sufficiently identified the differences between CSL and PSL to show that he would have rejected the highly-favorable plea agreement had he been informed of those differences. *Id.* at 4. Indeed, Petitioner's highly-mechanical claim is further undermined by the fact that he had prior convictions of sex crimes, and was already familiar with PSL's predecessor, the CSL. In rare instances, a first-time offender may persuade this Court that he was confused by the requirements of PSL, but such excuse is particularly unconvincing for someone like Petitioner, who had been subject to similar punishment for years prior to the commission of the instant offense. It is borderline disingenuous for a petitioner to claim that he would not have pled guilty with regard to the PSL punishment, when he was already sentenced to a similar punishment under CSL—it is not clear what additional burden was levied upon Petitioner through PSL that he was not already subject to for life under CSL. Nowhere in the Petition or the reply does Petitioner explain the differences between the two, why such

differences were of such magnitude that would cause him to forego the bargains of his plea agreement, and most importantly, why the state court's finding of no prejudice was unreasonable. On federal habeas, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Habeas relief are not granted based on technicalities. As such, the Court finds that Petitioner suffered no prejudice from his alleged ineffective assistance of counsel claim, because there was no reasonable probability that full knowledge of the consequences of PSL would have convinced Petitioner to reject the plea agreement.

As an aside, Petitioner partly claims that he filed the instant Petition because he was made aware that PSL and CSL have been held as unconstitutional, which is simply untrue. As the Supreme Court has held, "[s]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." *Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991). Petitioner cites to no authority holding that PSL, CSL, or their equivalent have been found to be unconstitutional, and the Court's research has revealed none. Accordingly, the Court denies the Petition, and dismisses the motion for pro bono counsel as moot.

Lastly, the Court denies a certificate of appealability ("COA"). Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that

jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

Date:   *Peter M Sheridan* 8/4/17
                                        **Peter G. Sheridan, U.S.D.J.**